IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA LEE BUTLER                                                                                    PLAINTIFF

v.                                            CIVIL NO. 21-cv-2077

KILOLO KIJAKAZI,[1] Acting Commissioner                                                  DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Sandra Lee Butler, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.  Procedural Background

Plaintiff protectively filed her applications for DIB and SSI on July 6, 2018. (Tr. 15). In her applications, Plaintiff alleged disability beginning on June 3, 2018, due to neck pain, inability to stand, dizziness, headaches, light headedness, anxiety, and depression. (Tr. 15, 249). An administrative hearing was held via telephone on May 27, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 15, 34–61). A vocational expert (VE) also testified at the hearing.

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

On August 4, 2020, the ALJ issued an unfavorable decision. (Tr. 12–25). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: anxiety, depression, PTSD, conversion disorder, and syncope/dizziness/orthostatic hypotension. (Tr. 18–19). Plaintiff's medically determinable impairments of hypertension, hyperlipidemia, GERD, thyroid disorder, hearing loss with recommendation for hearing aids, tinnitus, low back pain, migraine, tension headache, neck pain, neuropathy, fatigue, muscle weakness, right breast lumpectomy, and angina pectoris with suspected coronary artery disease and abnormal stress test were found to be nonsevere. *Id*. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19–20). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant must avoid hazards such as ladders/ropes/scaffolds, moving mechanical parts, unprotected heights, and deep water and open flames. The claimant can perform semi-skilled work with supervision that is little for routine tasks and detailed for non-routine tasks; tasks learned by experience with several variables and judgment withing limits; and social interaction that is routine but superficial.
> (Tr. 20–23).

With the help of a vocational expert, the ALJ found Plaintiff would be able unable to perform any of her past relevant work, but could perform the requirements of the representative occupations of utility assembly line worker or appliance assembler. (Tr. 23–25). The ALJ found Plaintiff was not disabled from December 14, 2017, through the date of her decision. (Tr. 25). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 20, 24).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff presents the following points on appeal: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred in her step two analysis in finding Plaintiff did not meet listings 12.04 and 12.06; and 3) whether the ALJ erred in her analysis of Dr. Edwin Pearson's opinion. (ECF Nos. 17, 19). Defendant argues the ALJ properly considered the medical record, and properly analyzed Dr. Pearson's opinion. (ECF No. 18). Defendant argues the ALJ properly considered Plaintiff's impairments and the limitations she experienced as a result, based upon evidence including the treatment record and opinion evidence. *Id*.

The Court has reviewed the entire transcript and the parties' briefs, and agrees with Defendant's assertion that this case was decided based upon a well-developed record and was supported by substantial evidence. The ALJ considered and analyzed all of Plaintiff's impairments, and provided adequate reasoning for discounting the opinion offered by Dr.

3

Pearson. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive, and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

    IT IS SO ORDERED this 31st day of March 2022.

                                              /s/ *Christy Comstock*
                                              HON. CHRISTY COMSTOCK
                                              UNITED STATES MAGISTRATE JUDGE